**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEVARIEN ZY'MELL DUNLAP, <br><br>            Plaintiff, <br><br> v. <br><br> NEW JERSEY TRANSIT POLICE, <br><br>            Defendant. | Civil Action No. 25-16972 (JXN)(CF) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Jevarien Zy'Mell Dunlap's ("Plaintiff") complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). The Court has reviewed the IFP Application and screened Plaintiff's Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the IFP Application is **DENIED** ***without prejudice***.

## I.    BACKGROUND

This case arises from Plaintiff's arrest. (*See* Compl. at 4, ECF No. 1.) Plaintiff claims that, when he was arrested, "all of [his] things were secretly" taken. (*Id.*) He seeks $166,000 for the value of his belongings. (*Id.*) Plaintiff also submitted an IFP Application. (*See* IFP Appl., ECF No. 1-2.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff

demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## III.   DISCUSSION

### A.   The IFP Application is Incomplete

The IFP Statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The ability to proceed IFP is a privilege, not a constitutional right. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). § 1915(a) requires a litigant wishing to proceed IFP to submit "in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Neitzke*, 490 U.S. 319, 324 (1989). Without submitting "the required affidavit of poverty identifying all of his assets and a declaration that he was unable to pay the required fees," the Court has no way to "properly determine [a litigant's] current eligibility to proceed without prepayment of the fees." *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011).

Here, Plaintiff failed to submit the required affidavit of poverty. Because the Court has no way to determine his ability to pay court fees, the Court is constrained to **dismiss** his IFP Application ***without prejudice***.

2

### B.    The Complaint is Unintelligible

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

In screening an IFP complaint, however, this Court is mindful that *pro se* pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "there are limits to [the Court's] procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Pro se litigants "must abide by the same rules that apply to all other litigants," including Rule 8(a)(2). *Id.*

3

Here, the Complaint does not satisfy the basic notice function of a pleading. While Plaintiff states that he was arrested and his all "things" were taken, he does not state, among other things, (a) who took his things, (b) what those things are, (c) where they were taken, (d) when they were taken, (e) what, if any, explanation was given for his things being taken, (f) how they were taken, and (g) whether they are being taken only temporarily (i.e., while Plaintiff is in custody). Without more, Defendant lacks notice of the claims against it. Accordingly, the Complaint is **DISMISSED** *without prejudice*.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) and IFP Application (ECF No. 1-2) are **DISMISSED** *without prejudice*. An appropriate Order accompanies this Opinion.

**DATED:** 3/27/2026

_____
JULIEN XAVIER NEALS
United States District Judge

4